```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/11/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIMMY L. PERKINS JR.,

                                    Plaintiff,

                    -against-

C.O. LOPEZ, et al.,

                                    Defendants.

7:25-CV-3955 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

Plaintiff Timmy L. Perkins Jr., who is currently incarcerated in the Fishkill Correctional Facility ("Fishkill"), brings this action *pro se*, asserting claims of federal constitutional violations under 42 U.S.C. § 1983 and seeking damages and injunctive relief. He sues: (1) Fishkill Correctional Officer Lopez; (2) Fishkill Correctional Sergeant Gregory Yahm; (3) Fishkill Correctional Lieutenant F. Carbone; (4) unidentified Fishkill "Nurse Doe"; and (5) Fishkill Superintendent M. Daye.[1]

By order dated June 23, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2] The Court directs service on Lopez, Yahm, Carbone, and Daye, and directs them to comply with Local Civil Rule 33.2. The Court also directs the Attorney General of the State of New York to provide to Plaintiff and to the Court the name and service address of the unidentified defendant ("Nurse Doe"). The Court denies Plaintiff's application for the court to request *pro bono* counsel without prejudice to Plaintiff's filing another such application in this action at a later date.

---

[1] Plaintiff has filed with his complaint an application for the court to request *pro bono* counsel. (ECF 4.)

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

**DISCUSSION**

**A.      Service on Lopez, Yahm, Carbone, and Daye**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service.[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Lopez, Yahm, Carbone, and Daye through the USMS, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for each of those defendants. The Clerk of Court is further instructed to issue a summons for each of those defendants and deliver to the USMS all the paperwork necessary for the USMS to effect service of a summons and the complaint on each of those defendants.

If summonses and the complaint are not served on Lopez, Yahm, Carbone, and Daye within 90 days after the date that the summonses for those defendants are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if he fails to do so.

---

[3]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve Lopez, Yahm, Carbone, and Daye until 90 days after the date that summonses for those defendants issue.

**B.      Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires particular defendants in certain types of prisoner actions to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of the date of service of a summons and the complaint, Lopez, Yahm, Carbone, and Daye must serve responses to those standard discovery requests. In their responses, Lopez, Yahm, Carbone, and Daye must quote each request verbatim.[4]

**C.      "Nurse Doe"**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the Court in ascertaining an unidentified defendant's identity and service address. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to allow the New York State Department of Corrections and Community Supervision ("DOCCS"), which operates Fishkill, to determine the full identity and service address of the unidentified defendant, "Nurse Doe"; that person is the Fishkill nurse who, on or about January 7, 2025, in the Fishkill infirmary/medical clinic, questioned Plaintiff when he arrived there. It is therefore ordered that the Attorney General of the State of New York, who is the attorney for and agent of DOCCS, must ascertain the identity and service address of "Nurse Doe." The Attorney General must provide this information to Plaintiff and to the Court within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming the newly identified individual as a defendant and providing his or her service address.

---

[4] If Plaintiff would like copies of those discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the court's Pro Se Intake Unit.

The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen it and, if necessary, issue an order directing service on the newly identified defendant and directing his/her compliance with Local Civil Rule 33.2.

**D.     Application for the court to request *pro bono* counsel**

The Court must deny Plaintiff's application for the court to request *pro bono* counsel. The factors to be considered in ruling on an indigent litigant's request for *pro bono* counsel include the merits of the case, the litigant's efforts to obtain a lawyer, and the litigant's ability to gather the facts and present his case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of Plaintiff's claims, the Court denies Plaintiff's application for the court to request *pro bono* counsel without prejudice to Plaintiff's filing another such application in this action at a later date.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court denies Plaintiff's application for the court to request *pro bono* counsel (ECF 4) without prejudice to Plaintiff's filing another such application in this action at a later date.

The Court also directs the Clerk of Court to: (1) issue summonses for Defendants Lopez, Yahm, Carbone, and Daye; (2) complete USM-285 forms for Defendants Lopez, Yahm, Carbone, and Daye; and (3) deliver all documents necessary to effect service of summonses and the complaint on Defendants Lopez, Yahm, Carbone, and Daye to the USMS.

The Court further directs Defendants Lopez, Yahm, Carbone, and Daye to comply with Local Civil Rule 33.2 within 120 days of the date of service of a summons and the complaint.

The Court additionally directs the Clerk of Court to mail a copy of this order and a copy of the complaint to the Attorney General of the State of New York, at 28 Liberty Street, New York, New York 10005.

An amended complaint form is attached to this order.

SO ORDERED.

Dated:    August 11, 2025
          White Plains, New York

_____
          NELSON S. ROMÁN
          United States District Judge

**SERVICE ADDRESSES FOR DEFENDANTS**

1. Correctional Officer Lopez
   Fishkill Correctional Facility
   18 Strack Drive
   Beacon, New York 12508-0307

2. Correctional Sergeant Gregory Yahm
   Fishkill Correctional Facility
   18 Strack Drive
   Beacon, New York 12508-0307

3. Correctional Lieutenant Carbone
   Fishkill Correctional Facility
   18 Strack Drive
   Beacon, New York 12508-0307

4. Superintendent M. Daye
   Fishkill Correctional Facility
   18 Strack Drive
   Beacon, New York 12508-0307

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

---

First Name                    Middle Initial               Last Name

---

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

---

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

---

Current Place of Detention

---

Institutional Address

---

County, City                              State                    Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

**IV.    DEFENDANT INFORMATION**

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                    Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                    State                    Zip Code

Defendant 2:

First Name                    Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                    State                    Zip Code

Defendant 3:

First Name                    Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                    State                    Zip Code

Defendant 4:

First Name                    Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                    State                    Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____

Dated                                    Plaintiff's Signature

_____

First Name                 Middle Initial          Last Name

_____

Prison Address

_____

County, City                      State                 Zip Code

Date on which I am delivering this complaint to prison authorities for mailing:  _____